HENRY POSNER, PLAINTIFF, v. DAVID NUTKIS, TRADING
AS NATIONAL PIANO COMPANY, DEFENDANT.

Submitted January 28, 1927—Decided June 4, 1927.

Negligence—Motor Vehicle Accident Injuring Plaintiff, Who was
Either an Invitee or Licensee of Defendant, Who was His
Brother-in-law—Verdict for Defendant—No Error in Asking
Plaintiff if Defendant Talked to Him About Insurance, the
Answer Being a Negative One—No Error in Permitting De-
fendant to Offer in Evidence a Statement Made by Defend-
ant Himself for the Purpose of Discrediting Defendant's
Direct Testimony, Counsel Having Pleaded Surprise—De-
fendant was Clearly Friendly to Plaintiff's Side of Case—
Rule of Plaintiff Discharged.

On plaintiff's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, *Saul Nemser*.

Contra, *John W. McGeehan, Jr.*

PER CURIAM.

This is the plaintiff's rule to show cause why a new trial
should not be granted. The action was by David Posner
against David Nutkis, his brother-in-law, to recover damages
for injuries received in a collision alleged to be due to the
negligence of the defendant's chauffeur. It resulted in a
verdict for the defendant, and the present rule was allowed
by the trial judge.

In support of the rule the plaintiff files as reasons for
making the rule absolute alleged trial errors in the rulings
of the court, and that the verdict was against the weight of
the evidence.

Taking up the last reason first, there were two questions
involved in the trial—(1) whether the plaintiff was an in-
vitee or licensee, and (2) whether the defendant's chauffeur

38

was guilty of negligence in the operation of the defendant's automobile.

The plaintiff's testimony was that in August, 1925, he was about to take his summer vacation and that the defendant sent him up in his (defendant's) car. That arriving at his destination the plaintiff did not like the place and started back, and while on the return the accident happened by reason of the car running into a pole. Parts of the defendant's testimony corroborated the plaintiff, but other parts indicated that the car and chauffeur were loaned and were not at the time of the accident under the defendant's control.

As to the accident itself, the plaintiff testified that the car was going from thirty to thirty-five miles an hour, and that he did not know whether the car skidded or how the accident happened, but that the pavement was wet at the time; that he told the chauffeur to stop and that he did not stop but ran into a pole. The chauffeur testified that he was going eighteen or twenty miles an hour as he approached the top of a hill, of the existence of which he was ignorant, and after reaching the crest the car went faster, and that they proceeded about one hundred to two hundred feet down the hill before the accident happened; that there was a curve; that his car wheel got caught in a rut and his car skidded, running into the pole.

Assuming that there was evidence of negligence to be extracted from this testimony, whether there was, in fact, negligence presented a fair question for the jury's determination.

Of the alleged trial errors one was that in the progress of the case the defendant was asked if he talked with the plaintiff about insurance. Objection was made and exception noted, but to the question the witness gave a negative answer. Apart from the fact that the answer rendered the question nugatory in its effect, the situation more nearly paralleled that of *Day* v. *Donohue, 62 N. J. L.* 380, than that in *Sutton* v. *Bell,* 79 *Id.* 507.

The only other point raised was that the trial judge erred in permitting the defendant to offer in evidence a statement

made by the defendant himself for the purpose of discrediting defendant's direct testimony, counsel pleading surprise. The defendant was clearly friendly to the plaintiff's side of the case (the reason for which it is not difficult to surmise) and therefore hostile to his own. It was the right of counsel, under these circumstances, to offer in evidence the contradictory statements under the case of *State* v. *D'Adame*, 84 *N. J. L.* 386. The question of surprise was one for the trial judge. We think there was sufficient to indicate that the defendant's counsel was surprised, and this laid the ground for the introduction of the contradictory proofs.

Finding that the verdict is not against the weight of the evidence on either the relation of the defendant to the chauffeur of the car, or of negligence in its operation, and that there were not trial errors justifying a new trial, the rule is discharged.