WILLIAM C. HORNEMAN, executor, *vs.* MARY H. BROWN.

Suffolk.    March 7, 1933. — March 28, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, FIELD, DONAHUE, & LUMMUS, JJ.

*Negligence,* Contributory, Motor vehicle, In use of way. *Witness,* Contradiction of party by own evidence. *Evidence,* Competency. *Words,* "Witness."

A woman, seventy-one years of age, who had had no experience in operating motor vehicles but had ridden many times with her daughter, was her daughter's guest in an automobile driven by the daughter when the daughter, driving at the rate of thirty-five miles an hour on dry streets with no traffic and on a clear afternoon in July, put her hand back, opened her bag and took out a cigarette, holding it in her right hand, then stooped down and drew an electric lighter from the dashboard and kept her head down looking toward the floor to light the cigarette, using her left hand to steady it, so that both hands were off the wheel and she was not watching the road. The mother said, "Look out," but the automobile swerved and struck a tree, inflicting injuries to the mother. While the daughter was lighting the cigarette the mother was not watching the road. Upon exceptions by the daughter in an action of tort against her for personal injuries sustained

by the mother, it was *held*, that it could not rightly have been ruled as matter of law that the burden on the defendant of proving contributory negligence of the mother had been made out.

At the trial of an action of tort by a mother against her daughter for personal injuries sustained on a public way in this Commonwealth when the plaintiff was riding as a guest of the daughter in an automobile, driven by the daughter, owned by the daughter's husband and registered in Massachusetts and insured under G. L. (Ter. Ed.) c. 90, §§ 34A–34J, the daughter, called by her counsel, testified to facts which accorded with testimony of the plaintiff and showed gross negligence on the part of the defendant. Counsel representing the defendant then offered, in continued direct examination of the defendant, to inquire whether at the time she was in a hospital following the accident she had made to an investigator certain statements, which counsel described and which were in conflict with those to which she already had testified. He stated that he expected that the defendant would deny making such statements and that the investigator then would testify that he wrote down a statement, as the defendant told it to him, and that she read it over but refused to sign it. The evidence was excluded subject to an exception by the defendant. *Held*, that

(1) The provisions of G. L. (Ter. Ed.) c. 233, §§ 20, 23, are broad enough to include the proffered evidence;

(2) The evidence should have been admitted;

(3) The exclusion of the evidence was not harmless error; and the exception was sustained.

TORT. Writ in the Municipal Court of the City of Boston dated August 6, 1931.

On removal to the Superior Court, the action was tried before *Broadhurst*, J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $12,375. The defendant alleged exceptions.

The case was argued at the bar in March, 1933, before *Rugg*, C.J., *Wait*, *Field*, *Donahue*, & *Lummus*, JJ., and afterwards was submitted on briefs to all the Justices.

*L. C. Doyle*, (*John J. Sullivan* with him,) for the defendant.

*J. M. Morrison*, (*R. N. Daley, Jr.*, with him,) for the plaintiff.

RUGG, C.J. This is an action of tort brought to recover compensation for personal injuries alleged to have been caused by the gross negligence of the defendant, the driver of an automobile, with whom the plaintiff's intestate was riding as guest. The original plaintiff has deceased since the trial, but she will be termed the plaintiff, although the

action is now being prosecuted by her executor. The plaintiff at the time of the accident was seventy-one years old and the mother of the defendant. She had ridden many times before with the defendant but had never operated an automobile. She was riding on a pleasant July afternoon at the invitation of the defendant in an automobile owned by the husband of the defendant and registered in Massachusetts. The streets were dry. The defendant was driving in Boston or Brookline. The automobile struck a tree and the plaintiff was seriously injured. The plaintiff testified that as the automobile was going about thirty-five miles per hour the defendant put her hand back, opened her bag and took out a cigarette, holding it in her right hand, then she stooped down and drew an electric lighter from the dashboard and kept her head down looking toward the floor to light the cigarette and then she used her left hand to steady it and both hands were off the wheel. Then the plaintiff said "look out," and the automobile swerved on and off the sidewalk and struck the tree. There was no traffic on the street at the time. While the defendant was lighting the cigarette the plaintiff was not watching the road.

1. The contributory negligence of the plaintiff was an affirmative defence and the burden of proving it rested upon the defendant. G. L. (Ter. Ed.) c. 231, § 85. *O'Connor* v. *Hickey,* 268 Mass. 454, 458. *O'Connell* v. *McKeown,* 270 Mass. 432, 435. Although the question is somewhat close, we think that it could not rightly have been ruled as matter of law that the burden of proof had been made out. The testimony of the plaintiff was not inconsistent with due care on her part. In view of the speed of the automobile, the period of time covered by the culpable conduct of the defendant must have been very brief. The plaintiff was an elderly woman with no experience in operating motor vehicles. That she was alert for her safety is inferable from the fact of her outcry as soon as the automobile began to swerve. The case at bar on this point is similar to *Kirby* v. *Keating,* 271 Mass. 390; *Gallup* v. *Lazott,* 271 Mass. 406, and *Caldbeck* v. *Flint,* 281 Mass. 360.

2. A more difficult question is raised by the defendant's exception to the exclusion of evidence, offered by the attorney representing her at the trial, of statements made by her prior to the trial inconsistent with her statements on direct examination. The defendant was called as a witness by the attorney representing her and testified that she was the daughter of the plaintiff; that after the automobile turned into Harvard Street she put her hand into her hand bag, took out a cigarette, put it in her mouth, leaned over and took the cigarette lighter from the dashboard, held it to the cigarette, and within the time that she took her eyes from the road and had her right hand on the lighter, she collided with the tree; that it might have been twenty-five seconds after she took her eyes off the road to look at the cigarette lighter that the accident happened; that she remembered that her mother said, "Look, look, where we're going"; that the speed was about thirty-five miles an hour. The attorney for the defendant then proposed to inquire whether at the time she was in the hospital following the accident she stated to an investigator that she was driving twenty miles an hour, that she was looking straight ahead at the time of the accident, and that her mother at no time complained about the way she drove. He also stated that he expected that the defendant would deny making such statements and that the investigator would testify that he wrote down such a statement as the defendant told it to him and that she read it over but refused to sign it. Upon objection the offer of proof was excluded and exceptions duly taken in behalf of the defendant.

This testimony of the defendant in its essential aspects was the same as that given by the plaintiff. If believed, it would support a finding of gross negligence on the part of the defendant as the cause of the injuries to the plaintiff and would warrant a finding for the plaintiff. *Meeney* v. *Doyle,* 276 Mass. 218.

The proffered evidence of the prior statements made by the defendant inconsistent with her testimony given in court was only hearsay and had no probative force as to the truth of the facts so stated. *Bloustein* v. *Shindler,* 235 Mass. 440,

442. *Rankin* v. *Brockton Public Market, Inc.* 257 Mass. 6, 11, and cases cited. *Commonwealth* v. *Festo*, 251 Mass. 275, 279. The defendant's statement out of court set forth in the offer of proof showed no negligent conduct on her part and by itself constituted no admission against her interest. If this identical evidence had been offered on behalf of the plaintiff, it would have been admitted as a proper attack on the credibility of the defendant. If it had been offered on behalf of a codefendant, it would also have been admissible. *Sullivan* v. *Fugazzi*, 193 Mass. 518. The evidence in its essential nature was not untrustworthy. It had no tendency in and of itself to mislead the jury or to obstruct justice. The fact that the attorney appearing for the defendant offered the evidence against the credibility of the defendant as a witness did not alter the essential nature of the statement nor render it less reliable or credible or helpful in the search for the truth which was the aim and object of the trial.

The plaintiff contends that the proffered statement would have been inadmissible at common law and that it is not rendered admissible by any enabling statute. Plainly such evidence was not admissible at common law. It is a comparatively recent statutory change which permits parties to be witnesses at trials in civil causes. The earlier common law discussions as to the rights and limitations of witnesses and the extent to which a party calling them vouched for their credibility had nothing to do with parties because in any event they could not be witnesses. Therefore cases like *Commonwealth* v. *Starkweather*, 10 Cush. 59, and *Whitaker* v. *Salisbury*, 15 Pick. 534, 545, have no relevancy. It was not until the enactment of St. 1857, c. 305, § 1, now G. L. (Ter. Ed.) c. 233, § 20, that parties to civil actions and proceedings were admitted to testify and to be called as witnesses by the opposite party. Clearly, under the terms of that statute a party who testified was comprehended within the term "witness." By the enactment of St. 1869, c. 425, now G. L. (Ter. Ed.) c. 233, § 23, the law of trials was further liberalized by a provision to the effect that a "party" producing a witness shall not impeach his credit by evidence of bad character, but may contradict him by other evidence, and

"may also prove that he has made at other times statements inconsistent with his present testimony." This phraseology is broad enough to comprehend a party within the term "witness." If this were not the meaning of St. 1869, c. 425, an incongruous situation would have existed in that a party could contradict his ordinary witness by showing prior inconsistent statements, but not the adverse party if he called him as a witness. The great change wrought in the law of evidence by this statute is pointed out in *Ryerson* v. *Abington,* 102 Mass. 526, 530–531. It has been considered that said c. 425 was broad enough to include an adversary party under the word "witness" when called to testify. *Emerson* v. *Wark,* 185 Mass. 427. It was not until the enactment of St. 1870, c. 393, now G. L. (Ter. Ed.) c. 233, § 22, that one calling the opposing party as his witness could cross-examine him.

There is nothing in the language of these statutes as originally enacted or as they now stand which excludes either or all parties from their operation. The word "witness" naturally includes every person called to testify. These statutes were enacted for the purpose of liberalizing what were at the time of their enactment, and certainly are now, regarded as unwise restrictions upon the discovery of truth in the trial of causes. They should be given no constricted construction but should be interpreted to effectuate their dominating purpose.

It has been held that the word "witness" in G. L. (Ter. Ed.) c. 233, § 21, comprehends a party defendant in a criminal case. *Commonwealth* v. *Walsh,* 196 Mass. 369.

No decision has been rendered since the enactment of these statutes to the effect that a party might not contradict his own testimony. On the contrary, it was said in *Hill* v. *West End Street Railway,* 158 Mass. 458, 459: "There is no sound reason why the familiar doctrine that a party may contradict, though not impeach, his own witness, should not, if the circumstances are consistent with honesty and good faith, be applied when he is himself the witness." A party has been permitted to prevail in an action for negligence where on his own testimony as to the basic facts he could not

prevail, provided on the inconsistent testimony of other witnesses his cause of action is found to be established. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. The principle on which these decisions rest permits the introduction of the evidence proffered in this present case.

There is no evidence in the case at bar that the defendant was being defended by an insurance company and no evidence as to the terms of an insurance policy covering the operation of this automobile if any was issued. That the automobile was protected in some way when registered must be inferred from the fact that it was registered in this Commonwealth. G. L. (Ter. Ed.) c. 90, §§ 34A–34J, both inclusive; c. 175, § 113A. Many cases have come before the courts involving such insurance and the rights and liabilities of various persons concerning the same. See, for example, *Lorando* v. *Gethro*, 228 Mass. 181; *Daly* v. *Employers Liability Assurance Corp. Ltd.* 269 Mass. 1; *Liddell* v. *Standard Accident Ins. Co.* 283 Mass. 340; *Biggio* v. *Magee*, 272 Mass. 185, see St. 1932, c. 130. Numerous actions have arisen between members of a family in connection with automobile accidents. Courts must necessarily examine such cases with care, to prevent fraudulent coöperation between a plaintiff and a nominal defendant at the expense of the insurer. Compare *King* v. *Spencer*, 115 Conn. 201; *Small* v. *Morrison*, 185 N. C. 577; *Fidelity & Casualty Co. of New York* v. *Marchand*, [1924] Canada Sup. Ct. 86; *Posner* v. *Nutkis*, 5 N. J. Misc. 593. Every sound reason conduces to the conclusion that archaic rules of evidence should not be invoked in cases of this sort and that reformatory statutes should be interpreted to effectuate their beneficent aim. Statutes must be construed in conformity to the meaning expressed by their words and not enlarged by appeal to their spirit. The provisions of G. L. (Ter. Ed.) c. 233, §§ 20, 23, according to their right meaning are broad enough in the opinion of a majority of the court to include the proffered evidence. So to construe those sections may aid in the ascertainment of truth in cases where not infrequently selfish interests of all witnesses may be in the direction of reaching a result ultimately to compel payment

by an insurer. See *Martin* v. *Schiska*, 183 Minn. 256, 263; *Baker* v. *Baker*, 220 Ala. 201, 204.

3. It cannot be said that the exclusion of the offered evidence was harmless error. It may have been of such nature as to throw doubt upon the basis of the plaintiff's case.

Other exceptions argued may not arise at a new trial, or may arise in an entirely different form, and therefore need not be considered.

*Exceptions sustained.*