GLADYS CROTHERS, PLAINTIFF-RESPONDENT, v. JULIUS CAROSELLI, DEFENDANT-APPELLANT.

Submitted February 14, 1941—Decided May 20, 1941.

For the appellant, *McDermott, Enright & Carpenter* (*John J. Ryan,* of counsel).

For the respondent, *Collins & Corbin* (*Edward A. Markley, James B. Emory* and *Dominick J. Marchetto,* of counsel).

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal from a judgment of the Supreme Court, affirming a judgment of the Hudson County Common Pleas Court.

The facts are fully set forth in the opinion of the Supreme Court and the grounds of appeal urged and argued here are identical with those presented to the court below.

We concur in the finding of the Supreme Court and affirm its judgment affirming that of the Common Pleas.

Upon the question of when and how the rule of contradiction and neutralization, by and through prior contradictory statements, is to be used, reference is made to *State* v. *D'Adame,* 84 *N. J. L.* 386, and *Wassmer* v. *Public Service,* 122 *Id.* 367, and the cases following them.

However, we have reached a conclusion respecting the error alleged in the refusal of the trial court to admit in evidence *Exhibit D*-1, for identification, which we consider more dispositive of that question.

This was a paper-writing or a statement allegedly made by the defendant, at a time prior to the trial of the cause. He presented himself as a witness testifying in his own behalf.

When a point was reached, in his direct testimony, where in answer to questions directed at an asserted material matter in issue, he said he did not remember. The paper was then presented to him for the purpose of refreshing his recollection, which he said it did. The use of the "refreshing" statement was then at an end and not admissible in evidence. The practice in this regard is specifically and correctly laid down by Mr. Justice Case in *Springer* v. *Labow* (*Supreme Court*), 108 *N. J. L.* 68.

This refreshment of recollection of the defendant-witness did not, apparently, bring forth from him answers that were satisfactory to his counsel who then registered surprise and thereafter sought the introduction of the exhibit for the purpose of neutralizing his client's, the defendant's, testimony.

This we say cannot be done.

The right to neutralize is authorized and approved, beyond question, in many cases, of which, the outstanding and much quoted case is *State* v. *D'Adame, supra.* An examination of

these cases indicates that the rule was applied and sanctioned where a witness, not a party to the action was involved, or a party to the action was called as a witness by the adverse party. There is one case, *Posner* v. *Nutkis* (*Supreme Court*), 5 *N. J. Mis. R.* 593; 137 *Atl. Rep.* 716, which holds contrary to our present finding. That cause was before the Supreme Court on a rule for new trial, and, of course, did not reach this court.

Our investigation has brought to our attention only two other cases directly bearing upon the question before us.

One of them is, *Horneman* v. *Brown*, 286 *Mass.* 65; 190 *N. E. Rep.* 735. Here the practice, which we say is not permissible, was approved. This seems to have been upon the ground that the statute regulating testimony, and the construction theretofore placed upon it by the court authorized it. The court quoted from *Hill* v. *West End Street Railway*, 158 *Mass.* 458, 459; 33 *N. E. Rep.* 582, "There is no sound reason why the familiar doctrine that a party may not contradict, though not impeach, his own witness, should not, if the circumstances are consistent with honesty and good faith be permitted when he is himself the witness." While the opinion states "There is no evidence * * * that the defendant was being defended by an insurance company * * *. That the automobile was protected in some way * * * must be inferred from the fact that it was registered in this commonwealth (Massachusetts where insurance is a compulsory requirement). Many cases have come before the courts involving such insurance and the rights and liability of various persons concerning the same. * * * Courts must necessarily examine such cases with care to prevent fraudulent co-operation between a plaintiff and a nominal defendant at the expense of the insurer."

At common law, parties to, and persons interested in the result of, any action were not competent witnesses.

This prohibition has been lifted by statute, to the extent that the law in this state is; *R. S.* 2 :97-1, making all persons, subject to certain specific exceptions, competent, whether they are parties or not; *R. S.* 2 :97-8, making it compulsory for a

party to the action to be sworn and testify, when called by the adverse party; and *R. S.* 2:97-12, making a *party* called by the *adverse* party subject "to the same rules as to examination and cross-examination as other witnesses."

Careful and diligent search has disclosed to us no statute, or construction thereof by our courts, as liberal and far reaching as that passed upon in *Horneman* v. *Brown, supra.*

The universal practice is, and it is in perfect consonance with the foregoing statutes, that a party to an action is competent to give direct testimony upon his own behalf and is subject to cross-examination thereon, but the right to contradict or neutralize, at his own hand has never been asserted nor approved except in the case of *Posner* v. *Nutkis. supra.*

We concede that a party called as a witness by the adverse party becomes subject to both of these rules, and such practice is justified by the statutes before referred to, but, it appeals to us, as presenting a most anomalous situation, that a party to an action, presenting himself as a witness in his own behalf and giving direct testimony, can then, by his own attorney, be contradicted by former inconsistent statements, or upon the ground of surprise, suggested by his own attorney, have such testimony neutralized or erased by like prior contradictory statements.

The other case, which we have referred to as coming to our attention, is, *Newman* v. *Stocker (Court of Appeals of Maryland)*, 161 *Md.* 662; 157 *Atl. Rep.* 761. Here there was a similar situation except that counsel for defendant, calling him as a witness, announced that they had been retained by an insurance company, which had insurance on defendant's automobile. The court said "They (counsel for defendant and insurance carrier) acquiesced in proceeding with the trial, and in the course of the trial, aiming only at an ultimate verdict for the defendant, they sought the introduction of evidence to discredit testimony of the defendant * * *. And that effort is open to the objection made, that it is the effort of a party to discredit his own present testimony. Only another party, treating this defendant as a witness, could be

permitted to introduce the contradictory evidence; and the insurer is not a party in this suit, even though it may have employed counsel to defend the suit * * *."

This appeals to us as quite correctly stating the situation as we find it in the present case.

While insurance of the defendant, is not discoverable from the state of case presented to us, it is freely admitted by the briefs of both parties, and it is probable that the attorney of the defendant, was the attorney of his insurance carrier or furnished by it.

We have repeatedly held that insurance is not an issue in causes of this character, nor are insurance carriers proper parties.

If the trial of the action shows collusion the insurance carrier has its remedy.

There can be no uncertainty as to the attitude of this court in this direction, *Max* v. *Max*, 123 *N. J. L.* 580; *affirmed*, 125 *Id.* 271, which is flatly opposed to *Horneman* v. *Brown* and *Posner* v. *Nutkis, supra*.

We hold that it is not at the hands of a party to an action, offering himself as a witness in his own behalf, to cause himself to be contradicted or his testimony neutralized, through prior, oral or written, inconsistent or contrary, statements made by him.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, DONGES, HEHER, PORTER, COLIE, WOLFSKEIL, RAFFERTY, HAGUE, THOMPSON, JJ. 9.

*For affirmance on opinion below*—CASE, BODINE, DEAR, WELLS, JJ. 4.