HENRY S. REYNOLDS *v.* SAMUEL VAN CULIN.
AVIS REYNOLDS *v.* SAMUEL VAN CULIN.

No. 2506.

KEMP, C. J., PETERS AND LE BARON, JJ.

ARGUED NOVEMBER 5, 1943.                     DECIDED DECEMBER 8, 1943.

OPINION OF THE COURT BY KEMP, C. J.

Henry S. Reynolds and his wife Avis Reynolds each sued Samuel Van Culin for damages for personal injuries suffered by them as the result of a collision between two automobiles one of which was being operated by the defendant. The plaintiffs were passengers in the automobile being operated by the defendant, and they attribute the collision and their resulting injuries to the alleged negligence of the defendant in the operation of said automobile.

The two cases were consolidated for trial and resulted in a verdict and judgment against the defendant in each

of the cases. The defendant's one bill of exceptions brings both cases to this court.

There are five exceptions which raise only one question applicable to both cases, *viz.*, the sufficiency of the evidence to warrant the submission of the question of negligence to the jury. The other exceptions relate solely to the case of Henry S. Reynolds.

The question of the sufficiency of the evidence of negligence will be considered first. "It need scarcely be said that the rule is well established in this jurisdiction that when there is before the jury substantial evidence, more than a mere scintilla, in support of its findings the verdict cannot be set aside and that questions relating to the credibility of the witnesses and to the weight of the evidence are for the jury alone to decide and are not within the province of this appellate court to pass upon." *Darcy* v. *Harmon*, 30 Haw. 12, 13.

Neither the defendant nor the operator of the automobile with which he collided testified.

While there was other evidence more favorable to the defendant, there was evidence given by two disinterested witnesses to the following effect: Each of the two witnesses was operating another automobile in close proximity to the scene of the accident when it happened. One was following the defendant and the other was meeting him. The paved portion of the street upon which the accident occurred was very narrow. Its exact width was not shown but one witness estimated that two automobiles, but not three, could be driven abreast on the paved portion. The other witness estimated that it would accommodate three automobiles abreast. The paved portion was clearly not more than a three lane highway. The witness who was operating the automobile meeting the defendant said that the collision occurred within about ten feet of him; that when he first saw the defendant they

were about 100 yards apart, at which time he, the defendant, was driving on his, the defendant's, half of the street but near the middle of the pavement; that about the time he first saw the defendant he noticed that another automobile "was creeping up from behind, passing me on the left slowly." This was the automobile with which defendant collided. He also testified that just before the collision "the car in front of me [operated by defendant] I saw turn towards me to the center. He turned to his left." He also said: "Of course, it all happened inside a split second. But it is the best of my impression."

The witness who was operating the automobile following the defendant by twenty-five or thirty feet testified as to the movements of the two automobiles in much more detail, but most of his description of the movements was illustrated by a drawing of the street on a blackboard and by toy automobiles. What the witness did while using the drawing and toy automobiles to illustrate the movement of the automobiles involved in the collision may have been quite illuminating to the jury but is not and could not be made a part of the record. However, this witness corroborated the other witness in one significant particular. In speaking of the movement of the automobile being operated by the defendant just before the collision he said: "It swung over to the left; I noticed the car pull over." The evidence as to the width of the street and that the automobile with which the defendant collided was passing another long before the collision, that the defendant was driving near the middle of the street and just before the collision "swung over to the left," *i.e.*, across the middle of the street, was substantial evidence more than a mere scintilla and was sufficient to justify submitting the question of negligence to the jury.

By its verdict the jury found the defendant negligent, and there being substantial evidence of negligence more

than a scintilla to support the verdict, the exception under discussion is without merit.

Exception No. I raises the question of the correctness of the ruling of the court denying defendant's motion that the case of *Henry S. Reynolds* v. *Sam Van Culin* be dismissed. The evidence relied upon in support of the motion follows. Henry S. Reynolds having sued Samuel Van Culin on February 5, 1940, to recover damages for personal injuries, wrote a letter to Van Culin on July 15, 1940, which counsel for the defendant introduced in evidence after Reynolds admitted writing it. In the letter Mr. Reynolds said, *inter alia*, "I want to remind you again that we do not propose to look to you for the satisfaction of any judgment. The only way that we can proceed against the insurance company under the Kaufman policy is to sue you, obtain judgment and then sue the insurance company under the policy, alleging and proving that you were driving the car for the Kaufman's [sic] at the time Avis and I got hurt."

Upon the letter being received in evidence, counsel for defendant moved "that the case of Henry S. Reynolds v. Sam Van Culin be dismissed upon the grounds, first, that there is a waiver of his claim by reason of the letter just introduced in evidence, defendant's exhibit 1; second, that there is an abuse of process in this court in filing the suit under the circumstances as set forth in his letter; and, third, that there is no substantial legal question before the Court, the plaintiff having admitted that he doesn't intend to look to the defendant for satisfaction of any judgment that he may receive."

The motion was denied and the defendant's exception No. I brings the ruling here for review.

At the oral argument counsel for the defendant abandoned the first ground of the motion but insists that the motion should have been sustained on the other grounds.

He has cited 1 C. J. 974 § 69 J, and 1 C. J. S. 1059, § 19, dealing with fictitious or collusive actions. A fictitious action is defined in 1 C. J. S. 1058 as "one brought on pretense of a controversy which does not exist." A collusive action is defined as "one brought under a secret agreement for the decision of a legal question not involved in a controversy, or one so brought with intent to defraud other persons." The portion of the text upon which defendant relies to support his argument that the suit of Henry S. Reynolds is fictitious or collusive follows: "An action cannot be maintained, as being fictitious or collusive, where its real object is * * * to procure a judgment which will affect or settle the rights or liabilities of third persons who are not parties to the action, * * * " 1 C. J. S. § 19, b (1), p. 1059. The bringing of an action either fictitious or collusive would constitute an abuse of the process of the court. " * * * any attempt, by a mere colorable dispute, to obtain the opinion of the court upon a question of law which a party desires to know for his own interest or his own purposes, when there is no real and substantial controversy between those who appear as adverse parties to the suit, is an abuse which courts of justice have always reprehended, and treated as a punishable contempt of court." *Lord* v. *Veazie*, 49 U. S. 250, 254.

The contents of the letter and the fact that the defendant at the time of the accident and for some time prior thereto had been associated with the plaintiff in business are the facts upon which we are asked to hold that the action is fictitious and collusive. The facts do not bring the action within the above definition of a collusive action. No agreement, secret or otherwise, of any character, between the plaintiff and defendant is disclosed by the letter or otherwise shown. It remains to be determined whether the action is fictitious.

Adjudicated cases cited by Corpus Juris Secundum in

support of the text relied upon by the defendant are *Golden Gate Bridge Etc. Dist.* v. *Felt*, 214 Cal. 308, 5 P. (2d) 585; *Fitzjarrell* v. *Boyd*, 123 Md. 497, 91 Atl. 547, and *Horneman* v. *Brown*, 286 Mass. 65, 190 N. E. 735.

In the case first above cited the bridge and highway district sought a mandate to compel Felt as secretary of the board of directors of the district to sign certain bonds proposed by said district. Felt justified his refusal by the claim that the bonds were invalid. It was conceded that the respondent desired a decision in favor of petitioner; that the bridge district had agreed to reimburse him for the expense incurred by him in the litigation in the event that the contractors or the bidders for the bonds or other persons interested did not do so. It further appeared that the bidders had agreed to reimburse him such expenses. The *amici curiae*, who really represented certain taxpayers, moved that the petition be dismissed. In support of the motion they contended that the foregoing facts show that the proceeding is fictitious and collusive, being a mere attempt to secure an advisory opinion without an actual contest. They further contended that the validity of the bonds was not even an issue in the case, for the reason that the respondent was bound to sign them, regardless of his opinion, and that he might be discharged for his refusal to do so. The *amici curiae* further asserted that the real controversy was between the district and the taxpayers who were not parties to the suit. In disposing of the foregoing contentions, the court said: "Neither on principle nor authority does this position commend itself to us. It is, of course, the prevailing doctrine in our judicial system that an action not founded upon an actual controversy between the parties to it, and brought for the purpose of securing a determination of a point of law, is collusive and will not be entertained; and the same is true of a suit the sole object of which is to settle rights of third

562

persons who are not parties. (Authorities.) That is not the situation here. Respondent, though an employee of the board and serving at its pleasure, is a public official, holding office pursuant to the provision made by the statute, and bound by oath to support the Constitution and laws of this state. His signature on the bonds is required by the statute. The bonds which he refused to sign recite that 'provision has been made by law for the levy and collection of a direct annual tax upon all taxable property within said district sufficient to pay the principal and interest of this bond.' He contends that the legislative provisions giving such power to tax are unconstitutional, and that the recital is therefore incorrect. This same opinion has been expressed by many persons, including lawyers of repute. It was also raised in the prior litigation involving this district, and was by this court expressly left undecided. (Authorities.) If respondent's contention is sound, and he were forced to sign, he would be acting in violation of his public duty, and assisting in the deception of prospective purchasers of the bonds. He is not bound to take a step which might conceivably involve a personal liability on his part in the event of a subsequent judicial declaration of unconstitutionality of the act, or falsity of the recitals in the bonds. (Authorities.) Though a ministerial officer, he may nevertheless refuse to sign an instrument believed by him to be invalid. (Authorities.) Nor is the fact that he is removable at the pleasure of the board material, for his successor would be in exactly the same position. A genuine controversy existed, therefore, between petitioner and respondent as to matters vitally affecting the duties and perhaps the liabilities of the latter. Able counsel were retained to present the case for respondent to this court, and it is not suggested that they were lacking in diligence or good faith in their preparation of the case. Under these circum-

stances this court can properly consider the petition and adjudicate the issues raised therein."

The case of *Fitzjarrell* v. *Boyd* is not on all fours with but presents a close parallel to the case at bar. It was an action by Boyd against Fitzjarrell to recover damages for injuries sustained while riding in defendant's automobile as his guest, caused by the alleged negligence of the defendant. The case was tried before the court sitting as a jury. From a judgment for plaintiff the defendant appealed.

The sole exception on appeal was to the refusal by the court of the following two prayers of the defendant: "(2) The defendant prays the court to rule, as a matter of law, that it appears from the uncontradicted evidence in this case that the plaintiff does not intend to enforce the collection of any judgment against defendant, and it further appearing that it is not the object or purpose of this suit to have adjudicated by this court any rights as between the plaintiff and the defendant, and it being undisputed that the object and purpose of this suit is solely and entirely to determine and fix the liability on a corporation, which is not a party to this proceeding, that therefore this court has no jurisdiction over the subject-matter, and the verdict of the court shall be for the defendant. (Refused.)

"(7) The defendant prays the court to rule, as a matter of law, that if it shall believe from the evidence that the plaintiff has brought this suit against the defendant with the purpose and object of attempting to fix the liability of some corporation not a party to this suit, and if the court shall find that there is no controversy between this plaintiff and this defendant with regard to the sum sued for, and that the plaintiff has no intention of making the defendant pay any verdict which may be rendered against him, then the subject-matter of this suit is beyond the jurisdiction of this court, and the verdict of the court shall be for the defendant. (Refused.)"

In disposing of the exception the court said: "While it may be conceded in this case that the result of the litigation will necessarily affect the interest of a third party, the casualty company, who is not a party of record, it does not follow because this is so that the suit is collusive and fictitious, as alleged. If the real and primary object of the suit is to redress the grievance of the plaintiff, and there is an actual controversy, involving real and substantial rights between the parties to the record, the suit would not be dismissed. It is only when the sole object of the suit is to affect third parties, and when the interest of the parties to the suit is not adverse, and when there is no real and substantial controversy between those who appear as adverse parties, that the principles invoked by the appellant here apply.

"This case is clearly distinguishable in its facts from those cited and relied upon, in the appellant's brief. 2 Ency. of P. & P. 342, and cases there cited.

"If the defendant is primarily liable for the negligence that caused the injury, then it seems clear that the plaintiff would have a right of action for such negligence against the defendant, notwithstanding the fact that the casualty company would be ultimately liable. Eyler v. Co. Com'rs, 49 Md. 257, 33 Am. Rep. 249; Ches. & Ohio Canal Co. v. Allegany Co., 57 Md. 201, 40 Am. Rep. 430; Balto. & Ohio R. R. Co. v. Howard Co., 111 Md. 180, 73 Atl. 656, 40 L. R. A. (N. S.) 1172.

"Such being our view of the law, the motion to dismiss this suit was properly overruled, and there was no error in refusing the second and seventh prayers."

The case of *Horneman* v. *Brown* was also an action of tort brought to recover compensation for personal injuries alleged to have been caused by the gross negligence of the defendant, the driver of an automobile with whom the plaintiff was riding as a guest. The plaintiff was the

mother of the defendant. The defendant testifying in her own behalf gave evidence which if believed clearly established the fact of her own negligence and corroborated the evidence of the plaintiff. The attorney representing the defendant at the trial offered evidence of former statements of the defendant in sharp conflict with her evidence at the trial, to which the plaintiff objected. The objection was sustained and the offered evidence was excluded. A judgment in favor of plaintiff was reversed for the error in excluding the evidence of the former statements and the court discussed no other issue. The question of the action being fictitious or collusive does not appear to have been raised.

The only facts present in the case at bar bearing upon the issue under consideration not common to the cases to which we have referred and analyzed is the statement in the letter to the effect that the plaintiff did not propose to look to the defendant for the satisfaction of such judgment as might be rendered and explaining what steps the plaintiff proposed to take against others to secure satisfaction of that judgment. As between this case and the Maryland case of *Fitzjarrell* v. *Boyd,* the difference is more apparent than real. The refusal of the defendant's two prayers apparently amounted to a holding that an intention on the part of the plaintiff not to enforce the collection of any judgment against the defendant was not decisive and did not render the action fictitious or collusive, even though the result would necessarily affect the interest of a third person who was not a party of record. We say "apparently" such was the effect of the holding because the opinion does not disclose what the evidence was bearing upon plaintiff's intention in regard to enforcing his judgment against the defendant.

The plaintiff's intention as disclosed by the contents of his letter is to proceed against "the insurance company

under the Kaufman policy" after obtaining a judgment against the defendant.

The record before us does not disclose the terms of the Kaufman policy nor does it disclose whether or not the company issuing the policy was given notice of the suit and called upon to defend it. That being true, we are unable to say and refrain from deciding whether or not the judgment against the defendant will be of any force or effect in a suit by the plaintiff against the company issuing the policy or affect or settle the rights or liabilities of third persons who are not parties to the case at bar.

We conclude that upon the showing made by the defendant the circuit judge committed no error in denying the defendant's motion to dismiss. All of the exceptions have been considered and are found to be without merit, and are therefore overruled.

*C. A. Gregory* (*W. R. Ouderkirk* and *Smith, Wild, Beebe & Cades* on the briefs) for defendant-appellant.

*C. B. Dwight* (also on the briefs) for plaintiffs-appellees.