**KATZ et al. v. ROSS.**
Civ. No. 9684.

United States District Court
W. D. Pennsylvania.
Dec. 22, 1953.

Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiffs.

Dalzell, McFall, Bredin & Martin, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

This is an action for damages arising out of an automobile accident. With trial by jury a verdict was returned in favor of the plaintiffs. Defendant has filed motion for judgment notwithstanding the verdict and in the alternative, a new trial.

The plaintiffs were injured when the motor vehicle driven by the defendant collided with another vehicle, when the parties were returning to Pennsylvania from a vacation in Florida.

The basic question for determination is the effect of the Florida Guest Statute, the relevant portions of which are as follows:

"* * * No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or willful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; provided, that the question or issue of negligence, gross negligence, and willful or wanton misconduct, and the question of proximate cause, and the issue or question of assumed risk, shall in all such cases be solely for the jury; provided that nothing in this section shall apply to school children or other students being transported to or from schools or places of learning in this state." 1 General Laws, Fla.1937, c. 18033, Sec. 1, § 320.59, Florida Statutes Annotated, Vol. 13.

The Court submitted this question to the jury in the nature of a special interrogatory and it has been specifically found that the plaintiffs did pay for their transportation in said vehicle.

■ Payment for transportation renders the Florida Guest Statute inapplicable. Teders v. Rothermel, 205 Minn. 470, 286 N.W. 353; Kerstetter v. Elfman, 327 Pa. 17, 192 A. 663; McDougald v. Couey, 150 Fla. 748, 9 So.2d 187.

■■ Although the record does contain some inconsistency as to the cir-

cumstances which existed relative to the conditions under which the defendant was to transport plaintiffs from Pennsylvania to Florida, and from Florida to Pennsylvania after the termination of their respective vacations, I believe it was mandatory to submit to the jury the responsibility of resolving the issues. Although contradictory evidence comes from witnesses called by the plaintiff, such circumstances call for the application of the rule that if in one part of the plaintiff's testimony or that of a witness the plaintiff is entitled to have his case submitted to the jury and on another part he is not, it is for the jury to reconcile such conflicting statements and say which shall prevail. Cardone v. Sheldon Hotel Corp., 160 Pa.Super. 193, 50 A.2d 700; Johnson v. Baltimore & O. R. Co., 3 Cir., 1953, 208 F.2d 633.

The other significant issue raised by defendant relates to the question of whether the court erred in refusing defendant's counsel permission to cross-examine the defendant as to liability insurance coverage.

Simple logic dictates that in view of the very close relationship existing between an attorney and his client wherein an attorney is required to have no interest in the litigation except on his client's behalf, it would appear highly unethical and improper for such attorney to have an interest adverse to and inconsistent with the interests of his client. In re Rossiter's Adjudication, 84 Pa.Super. 193; 7 C.J.S., Attorney and Client, pages 957, 958, § 125.

There was ample evidence in this case to justify the jury in its finding in favor of the plaintiffs. It is my duty to recognize that a court is not free to reweigh the evidence and set aside the jury verdict merely because the jury could have drawn different inferences or conclusions, or because the court regards another result as more reasonable. Tennant v. Peoria & P. U. R. Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania R. Co., 3 Cir., 182 F.2d 793.

An appropriate Order is entered.