Max H. KATZ and Ida Katz

v.

Herman E. ROSS, Appellant.

No. 11349.

United States Court of Appeals Third Circuit.

Argued Oct. 7, 1954.

Decided Nov. 29, 1954.

Bruce R. Martin, Pittsburgh, Pa. (Dalzell, Pringle, Bredin & Martin, Pittsburgh, Pa., on the brief), for appellant.

John E. Evans, Jr., Pittsburgh, Pa. (Evans, Ivory & Evans, Pittsburgh, Pa., on the brief), for appellees.

Before MARIS, McLAUGHLIN and STALEY, Circuit Judges.

McLAUGHLIN, Circuit Judge.

In this personal injury automobile negligence suit the principal issue is whether as a matter of law the appellees were guests or passengers without payment for transportation within the meaning of the Florida Guest Statute.[1]

The accident, which is the basis of the controversy, occurred January 2, 1951 near New Smyrna Beach, Florida. In December of 1950, prior to leaving for Florida, appellant was a resident of Zanesville, Ohio and appellees of Pittsburgh, Pennsylvania. Appellee, Max H. Katz, is a brother of appellant's wife, and an employee of a corporation controlled by appellant. There is a conflict between the parties as to what constituted the arrangement under which Mr. and Mrs. Katz made the trip to Florida in the Ross automobile. In answer to interrogatories, which are in evidence, Ross said that Mr. and Mrs. Katz were passengers in his automobile at the time of the accident and that they had paid him in cash for their transportation to and from Florida the sum of $100, the method of payment being "$50.00 when we went down, and $50.00 before we came back. Mr. Katz paid me in cash." Katz in his direct testimony agreed this evidence was correct. He stated further that there had been a similar sort of arrangement between him and Ross on three previous Florida trips. Mrs. Katz testified to much the same effect. On cross-examination Katz was asked: "And before you—did you make the arrangement to go before this matter of paying $50.00 came up, or how was it?" He answered, "Why no. I just told him that we would make some arrangement whereby we would defray part of the expense. * * Part of the cost of operating the car."

The Florida Guest Statute, 1 Gen.Laws Fla.1937, c. 18033, Sec. 1, 320.59, Fla. Statutes Ann., Vol. 13, in pertinent part reads as follows:

" * * * No person transported by the owner or operator of a motor vehicle as his guest or passenger, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been caused by the gross negligence or willful and wanton misconduct of the owner or operator of such motor vehicle, and unless such gross negligence or will-

---

[1] There is a motion before us on behalf of appellees to dismiss this appeal on the ground that it is a single appeal from two separate judgments and therefore invalid.

What actually happened was that following the verdicts originally two judgments were entered, one for each plaintiff, subject to any motions permissible under the law. Thereafter the order denying the motions of the defendant for judgment n. o. v. and for a new trial provided for the entry of one judgment to be "entered in favor of Max H. Katz, plaintiff, in the amount of $7,000, in favor of Ida Katz, plaintiff in the amount of $1,600, and against Herman E. Ross, defendant, together with costs." D.C., 117 F.Supp. 523. The latter judgment is the one from which this appeal was taken. The motion will be denied.

ful and wanton misconduct was the proximate cause of the injury, death or loss for which the action is brought; * * *."

The jury in answer to the court's interrogatories found that Mr. and Mrs. Katz were passengers in the Ross car with payment for their transportation; that Ross was guilty of negligence which was the proximate cause of the accident; that he was not guilty of gross negligence and wilful or wanton misconduct which was the proximate cause of the accident; that Mr. and Mrs. Katz were not guilty of contributory negligence. Damages were assessed against Ross in favor of Mr. Katz in the sum of $7,000 and in favor of Mrs. Katz in the sum of $1,000. On the motion for judgment n. o. v. and in the alternative for a new trial, the district judge held the jury finding that the plaintiffs had paid for their transportation rendered the Florida Guest Statute inapplicable.

Appellant argues that the evidence established as a matter of law that the appellee-plaintiffs were guests or passengers without payment for transportation under the Florida Statute. This is based completely upon that part of the plaintiffs' testimony from which it was inferable that their agreement with him was an expense-sharing guest arrangement. The argument mentions his own answers to interrogatories which unequivocally say that Katz had paid him for transportation of himself and wife to and from Florida one hundred dollars cash. Mention is also made of the other testimony of Mr. and Mrs. Katz where they both clearly stated that the hundred dollars was paid for their trip to Florida and return.

Appellant attempts to brush aside all of this evidence as some sort of improper conclusion but we fail to see how his statement is anything but the detailing

of a simple alleged fact. If Katz had purchased two round trip bus tickets to Florida it would have been practically an identical transaction. In that event testimony by the bus ticket seller of Katz's action would hardly be objectionable as a conclusion. Nor is the Katz evidence itself in any different category. Katz agreed flatly that he paid Ross one hundred dollars on behalf of himself and Mrs. Katz for the full trip. Mrs. Katz asked by the court why the first fifty dollars was paid answered, "Paid it for our transportation." And as to the arrangement for the trip home she said, "The same arrangement coming back, both ways was the same, $50.00 each way." We do not, and in the present circumstances could not, pass on the credibility of these witnesses. That was for the jury guided by the court's charge. At the very least there is substantial contradiction in the evidence concerning plaintiffs' status in the Ross car at the time of the accident.

If that part of plaintiffs' testimony had been accepted which inferred that they had at most only contributed towards the expenses of the trip there is some indication from the Florida decisions that they might have come within the Florida Guest Statute as the trial judge concluded and so have been forced to show gross fault on the part of Ross in order to recover. McDougald v. Couey, 1942, 150 Fla. 748, 9 So.2d 187; Ake v. Birnbaum, 1945, 156 Fla. 735, 25 So.2d 213; Yokom v. Rodriguez, Fla.1949, 41 So.2d 446. That such determination is not at all clear cut is shown by the recent Florida Supreme Court opinion in Handsel v. Handsel, Fla.1954, 72 So.2d 813. There "The operator of the car and the plaintiff were making a short journey for their mutual benefit". The court held that the claim was without the Guest Act. See also Peery v. Mershon, 1942, 149 Fla. 351, 5 So.2d 694.[2]

2. The court in that case quoted from Sec. 2292 of Blashfield, Cyclopedia of Automobile Law and Practice, as follows: "If, in its direct operation, it confers a benefit only on the person to whom the

ride is given, and no benefits, other than such as are incidental to hospitality, companionship or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his

The court below charged that where a passenger simply agrees to share in the cost of operating a motor vehicle, such individual is not a paying passenger with respect to the Florida Guest Statute but has a guest status thereunder and can only recover from the person or persons responsible for the operation of the car in which he was riding if there was gross negligence in the operation of the automobile.

It is unnecessary for us to express our opinion on this particular question since it became academic in the light of what transpired at the trial. Under the charge if the jury had believed that the agreement between the Katzes and Ross was for the former to pay all or part of the operating expenses of the automobile the verdicts would have been in favor of the defendant because the further finding that Ross had not been grossly negligent would have prevented recovery under the Florida Guest Statute. In other words the charge in this respect was highly favorable to the appellant.

The court in the first interrogatory to the jury presented the problem involved in the pertinent language of the Florida law. The interrogatory read:

"Were Max H. Katz and Ida Katz passengers in the motor vehicle of Herman E. Ross without payment for their transportation under the Florida Statute?"

The jury answer to this was "No".

The judge in his charge had already read and explained the Florida Guest Act to the jury and had stated:

" * * * So the important part of the Statute as it applies to this case—were Mr. and Mrs. Katz under the circumstances transported by Mr. Ross, the Defendant, without payment for such transportation? If they did not pay for such transportation then they cannot recover unless they show gross negligence on the part of the Defendant which was the proximate cause of the accident. If they were transported with payment for their transportation, then they may recover if they show ordinary negligence on the part of the Defendant which was the proximate cause of the accident."

Following that he said:

"So, that agreement, if one exists, and it is for you to determine what the agreement was, if any,—so that an agreement to pay for gasoline, oil and other expenses or to share in the cost of the operation of the motor vehicle does not make the person in the motor vehicle a passenger with payment for such transportation. However, if a passenger in a motor vehicle agrees to pay a certain or definite amount of money in advance of the trip for the purpose of being transported in said motor vehicle, such person would be a paying passenger and would, therefore, have a right to recover against the operator of said motor vehicle if the operator or the Defendant was guilty of ordinary negligence which was the proximate cause of the accident."

He concluded his charge proper by telling the jury:

"If you reach the conclusion in your deliberations that Mr. and Mrs. Katz were riding in the automobile without payment for their transportation, you apply the gross negligence doctrine. If you reach a conclusion that they were riding in this automobile with payment for their transportation, you apply the ordinary negligence doctrine."

■ In the context of the charge we think it clear that the reference to the Florida Guest Act in the court's interrogatory was merely to identify the source of the language of the question,

carriage tends to the promotion of mutual interests of both himself and the driver and operates for their common benefit, or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments."

namely, the Act. The judge had already sharply defined his conception of the type of a paying passenger who would be outside of the Florida Guest Statute and had eliminated from that category a person sharing in the operating expenses of the motor vehicle. By the question he was not asking the jury for any legal conclusion but simply to decide as a fact whether Mr. and Mrs. Katz fitted into the described classification of paying passengers. The exclusion from that group of sharers of car expenses whether correct or not, as we have already shown, benefited the defendant-appellant. Under the proofs the court would have been guilty of reversible error if it had charged the jury that plaintiffs were guests or passengers without payment for transportation. That proposition had been controverted by substantial evidence. It was for the traditional triers of the fact to pass upon and the action of the court in turning over the problem to them was entirely proper.

Appellant contends that the court's charge concerning payment of a fixed sum was erroneous. As above quoted the court had said: "if a passenger in a motor vehicle agrees to pay a certain or definite amount of money in advance of the trip for the purpose of being transported in said motor vehicle, such person would be a paying passenger * * *." It is urged that this is contrary to the theory that sharing expenses makes one a guest, not a paying passenger. In so doing appellant misapprehends that portion of the charge. The court was not talking about sharing expenses. Rightly or wrongly he had already eliminated that sort of passenger from the pay group and placed him squarely within the Florida Guest law. The plain reference was to whether there had been a definite payment, not for the sharing of expenses, but rather "for the purpose of being transported."

The remaining point asserts that the court erred in refusing appellant's attorney permission to cross-examine appellant.

The situation arose while appellant was on the stand in his own defense and being examined by his attorney of record. He was asked, "Did you blow your horn before you started to pass this car?" He answered, "Well, I don't quite remember, I thought I did, but I wouldn't be sure." Then his attorney said, "If the Court please, I plead surprise and ask leave to cross-examine the witness." The attorney attempted to establish his authority for the request by bringing out from appellant that he had been covered by liability insurance at the time of the accident. In addition the attorney advised the court that he was employed by the appellant's liability insurance carrier to conduct the defense of the Katz claims pursuant to the terms of the insurance contract.

The narrow issue is whether a party on the stand can be contradicted by his own attorney. Though there are few reported cases on this precise problem, the weight of authority is opposed to that practice. Newman v. Stocker, 1932, 161 Md. 552, 157 A. 761; Crothers v. Caroselli, 1941, 126 N.J.L. 590, 20 A.2d 77.[3] What the Maryland Court of Appeals said in the Newman case [161 Md. 552, 157 A. 763] is equally applicable here:

"Only another party, treating this defendant as a witness, could be permitted to introduce the contradictory evidence; and the insurer is not a party in this suit, even though it may have employed counsel to defend the suit, having regard to its undertaking to indemnify the defendant. Its liability to the defendant on a policy of insurance is not being adjudicated in the suit; the only adjudication possible is that upon the liability of the present defendant to the present plaintiff. A new claim thereafter, and, if it is

3. Cf. Horneman v. Brown, 1934, 286 Mass. 65, 190 N.E. 735, which turned on an interpretation of a Massachusetts stat-ute allowing parties producing witnesses to contradict them by other evidence.

resisted, a new suit, would be necessary to adjudicate the liability on the policy. And it would be in that new suit that the insurer would appropriately make the defense on the ground that the insured seeks indemnity for loss from collusive agreement rather than from the liability imposed by law which is the subject of insurance, or on the ground that in violation of a term of the policy the insured has failed to co-operate in the defense, or on any other ground."

We think the doctrine expressed by the Maryland Court of Appeals is sound law. In addition, even assuming Ross had been merely a defense witness and not the defendant himself, we seriously doubt that at the time the request was made to cross-examine him there had been sufficient development of contradiction and hostility on his part to the extent which would warrant cross-examination by the side calling him as a witness. See Fisher v. Hart, 1892, 149 Pa. 232, 24 A. 225; Selden, Adm'r v. Metropolitan Life Ins. Co., 1945, 157 Pa.Super. 500 43 A.2d 571.

The judgment of the district court will be affirmed.