(55 Misc. Rep. 378)

VAN KANNELL REVOLVING DOOR CO. v. ASTOR et al.

(Supreme Court, Special Term, New York County. July 25, 1907.)

ATTORNEY AND CLIENT—AUTHORITY OF ATTORNEY—RELEASE OF LIEN.

An attorney has no authority to release a fund from a lien in favor of his client without the client's express consent, and where he does so the release will be set aside.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 209–211.]

Action by the Van Kannell Revolving Door Company against John Jacob Astor and others. Motion to serve a supplemental answer denied.

Hitchings & Palliser, for plaintiff.
Carter, Ledyard & Milburn, for defendants.

DAYTON, J. Plaintiff is within its rights in moving to set aside the stipulation entitled in this action. Defendant W. & J. Sloane, Incorporated, moves to serve a supplemental answer, setting up, in effect, said stipulation, the proceedings on appeal herein, and the unconditional payment by Mr. Astor on November 21, 1906, to W. & J. Sloane of all moneys due under the contract. The Appellate Division, referring to a motion to dismiss plaintiff's appeal from the judgment, said in its prevailing opinion (104 N. Y. Supp. 653):

"From the record there disclosed it appears that the owner, Mr. Astor, after the time to take an appeal as to him had expired, and under some alleged stipulated right, paid the balance of the contract price of construction of the building in question to the general contractor (Sloanes), and it may be that upon a trial of the case it will be shown that the money payment was to be held as a substitute for the 'real property improved' to abide the event of the action, or that it was paid and received under such circumstances that it became impressed with a trust available to the appellant."

On motion of the respondent the order of the Appellate Division reversing the judgment dismissing the complaint was resettled, and it was adjudged:

"That the judgment so appealed from be, and the same is hereby, in so far as it dismisses the complaint as to said W. & J. Sloane, reversed upon questions of fact and of law, and a new trial ordered."

Plaintiff took no appeal from the judgment dismissing the complaint as to Astor. The stipulation was as follows:

"[Title of this action.] We hereby consent to the payment by the defendant John Jacob Astor to the defendant W. & J. Sloane of all sums due to the latter under the contract dated July 1, 1902, for the furnishing of the interior woodwork and trim in the Hotel St. Regis, as stated in the complaint and the several answers herein, regardless of any appeals taken or to be taken herein, and the plaintiff hereby releases the said Hotel St. Regis and the said sums due to the defendant W. & J. Sloane from the defendant John Jacob Astor, and the said defendant John Jacob Astor, of and from any and all alleged liens, demands, or claims referred to in the complaint in the above entitled action, reserving, however, all rights against each and all of the other defendants herein.

"Dated New York, the 10th day of July, 1906.
                "Hitchings & Palliser,
                "Attorneys for the Plaintiff.
    "_____,
                "Attorney for the Defendant W. & J. Sloane.
    "_____,
                "Attorneys for the Defendant John Jacob Astor."

This paper was presented for signature to Mr. Palliser, who says in his affidavit that on July 10, 1906, a representative from the attorneys for Mr. Astor called on Mr. Palliser and asked whether the plaintiff intended to take an appeal from the judgment rendered upon the decision of Mr. Justice Dugro, and whether plaintiff intended to give a bond to stay the judgment, to which Mr. Palliser replied that they did not desire to give a bond, inasmuch as the only question in the case was whether certain payments which had been made by W. & J. Sloane were valid, and if said payments were held to be invalid W. & J. Sloane had a fund sufficient to pay the plaintiff's lien; that said representative from Mr. Astor's attorneys then stated they desired to pay over said moneys to W. & J. Sloane, and presented a stipulation, which he stated had been prepared and submitted to the attorneys for Mr. Astor by the attorney for W. & J. Sloane, and that, if plaintiff's attorneys had no objection to the stipulation, inasmuch as W. & J. Sloane were solvent and had $40,000 in their hands at the time of the filing of plaintiff's lien, they would like to clean up the matter with W. & J. Sloane; that the said proposed stipulation contained blank spaces for the signatures of the attorney for W. & J. Sloane and for the attorneys for Mr. Astor, and Mr. Palliser, supposing that it would be signed by said attorneys, thereupon signed the stipulation, so that the money might be paid over by Mr. Astor to W. & J. Sloane, to whom the plaintiff could look; and that said representative of the attorneys for Mr. Astor also stated that said stipulation would be signed by the attorneys for W. & J. Sloane before the turning over of the money by Mr. Astor. This paper, however, was never signed by the attorneys for Mr. Astor, nor by the attorney for W. & J. Sloane. Mr. Bacon,

attorney for W. & J. Sloane, denies that the stipulation was suggested or prepared by him, or that he knew of it until two months after the money had been paid over by Mr. Astor to W. & J. Sloane. Mr. Marvin, representing Messrs. Carter, Ledyard & Milburn, who obtained the stipulation from Mr. Palliser, denies that he stated to Mr. Palliser that the paper had been submitted to Mr. Bacon, and he avers that it was drafted without any suggestion from W. & J. Sloane, or its attorney, and that he made no request to have it signed by W. & J. Sloane, or its attorney. He alleges that he made no claim upon W. & J. Sloane or its attorney, and that the payment by Mr. Astor was in no wise conditioned upon such stipulation, or any other condition.

The blanks for the signatures of the attorneys for Mr. Astor and of the attorney for W. & J. Sloane are somewhat corroborative of Mr. Palliser's contention as to his supposition that they would be filled in by the proper parties. The payment by Mr. Astor to W. & J. Sloane after the stipulation indicates his reliance upon it; but in my view it will be unnecessary for me to determine the dispute of fact among these gentlemen. The claim of W. & J. Sloane now is that it has none of this fund out of which to satisfy any part of plaintiff's lien of about $7,000. I understood the learned counsel for W. & J. Sloane to contend upon the argument, as he does in his brief, that the stipulation was inoperative and void. With that contention I agree. In effect it purported to be a release by the plaintiff of all its claim against any "sums due to the defendant W. & J. Sloane from the defendant John Jacob Astor." The clause, "reserving, however, all rights against each and all of the other defendants herein," did not serve to protect the lien of the plaintiff. In other words, when Mr. Astor paid money to W. & J. Sloane after the signing of this stipulation by Mr. Palliser, those sums had supposedly been expressly released by the plaintiff from any and all liens referred to in the complaint. In Bush v. O'Brien, 164 N. Y. 210, 58 N. E. 106, which contains a full discussion of the authorities on this question, Judge Haight, writing the prevailing opinion, reaffirms the language of Folger, J., in Mandeville v. Reynolds, 68 N. Y. 528, as follows:

"An attorney is not authorized by his retainer to satisfy a judgment without payment, and if he does so the satisfaction will be set aside. The authority of an attorney does not extend to a compromise or a release. He cannot settle a suit and conclude his client in relation to the subject in litigation without consent of the latter."

As the attorney for W. & J. Sloane does not consent that the plaintiff be relieved from the stipulation, my opinion is that the attorneys for the plaintiff, having no power to release these funds, by stipulation or otherwise, without express consent of their client, and such consent not appearing, plaintiff's motion to be relieved from said stipulation should be granted, and that said stipulation should be returned for cancellation. I am also of opinion that W. & J. Sloane should be required, out of the moneys received from Mr. Astor, to restore and deposit in court a sufficient sum to meet the lien of the plaintiff and its costs to abide the result of this action.

The motion of W. & J. Sloane to serve a supplemental answer containing any allegations in substance or effect setting up said stipulation

or any reliance thereon should be denied. Defendant W. & J. Sloane desires leave to serve a proposed supplemental answer setting up specifically the various proceedings resulting in the judgment dismissing the complaint as to Astor, the failure to appeal as to Astor from this judgment, the payment to Astor in reliance of the subsequent proceedings above recited, and other matters which have taken place since the commencement of the action. Even if it should be held that Astor and the locus in quo are released from all liability under and by virtue of the plaintiff's lien by reason of the judgment dismissing the complaint and the failure of the plaintiff to appeal therefrom as to Astor, yet, as indicated by the language of the prevailing opinion in the Appellate Division in this case, the money payment to W. & J. Sloane by Astor may be held, upon the new trial which has been ordered as to W. & J. Sloane, to be a substitute for the "real property improved." In that event it takes the place of a portion of the original locus in quo, equivalent in value to the sum of money so paid over, and as to it the rights of the lienor became fixed as of the time of filing of the lien. This being so, no subsequent action or proceedings of the parties could in any way affect the substantial right of the lienor (Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017), and it would therefore be improper to allow a supplemental answer to set up allegations which, in the circumstances, would be immaterial.

Settle order upon notice.