Rose K. Van Buren, Plaintiff, *v.* Joseph O. Harrison, Defendant.

Supreme Court, Special Term, New York County, October 27, 1937.

*Wood & Marshall,* for the plaintiff.

*L. Victor Harrison,* for the defendant.

McLaughlin (Charles B.), J. This motion for summary judgment is made by the plaintiff, who seeks to collect the unpaid alimony, which she claims is due under an Illinois decree of divorce, entered on October 20, 1926. This decree gave the custody of the one child of the marriage to the plaintiff and ordered the defendant to pay twenty dollars per week to the plaintiff for his support and education. Personal service was made on the defendant, who defaulted in appearance.

The husband, however, denies that he and the plaintiff were husband and wife in 1926, submitting a certified copy of a decree of divorce obtained by the plaintiff in Ohio on April 3, 1922, wherein the custody of the child was awarded to the defendant's sister and brother-in-law. The plaintiff does not attack the Ohio judgment but contends that both she and her husband treated it as a nullity and immediately thereafter lived together as husband and wife, the child continuing to reside with them.

The question of a common-law marriage does not enter, as the plaintiff pleaded the ceremonial marriage in the Illinois action. It is quite clear, therefore, that the plaintiff's allegations in that

proceeding were false, for as a matter of fact no ceremonial marriage was then in existence.

While it is well settled that judgments rendered by courts of sister States are entitled to the same recognition as those of domestic courts (34 C. J. 1125, 1126), and, if sued on, are entitled to the same faith and credit (*Gleason* v. *Northwestern M. L. Ins. Co.*, 189 N. Y. 100), yet they are to be accorded no greater effect, and, if the e impeachable, will receive no more consideration in other States. (34 C. J. 1127, 1128; *Olmsted* v. *Olmsted*, 190 N. Y. 458; affd., 216 U. S. 386; *Rigney* v. *Rigney*, 127 N. Y. 408.)

If the court which rendered a judgment or decree lacked jurisdiction of either the person of the defendant or of the subject-matter of the action, such judgment is void, and hence not entitled to enforcement in another State. (34 C. J. 1138, 1139; *Hanna* v. *Stedman*, 230 N. Y. 326; *Olmsted* v. *Olmsted, supra; Hunt* v. *Hunt*, 72 N. Y. 217; *Kerr* v. *Kerr*, 41 id. 272.)

" A judgment rendered by a court having no jurisdiction is a mere nullity, and will be so held and treated whenever and for whatever purpose it is sought to be used or relied upon as a valid judgment " (33 C. J. 1072, 1073), and " even with full jurisdiction over the parties, no court can render a valid judgment unless it also has jurisdiction over the subject-matter of the litigation or the cause of action." (33 C. J. 1075. See, also, 3 Freeman on Judgments [5th ed.], § 1383; *People ex rel. Republican & J. Co.*, v. *Lazansky*, 208 N. Y. 435; *Hunt* v. *Hunt, supra.*)

The whole essence of a divorce proceeding is marriage, and if no marriage exists between the parties the court certainly has no jurisdiction over the subject-matter of the action. In the present case, even according to the plaintiff's own story, a valid Ohio decree had dissolved her marriage to the defendant, and hence at the time of the Illinois action no marriage status was in being. If the Illinois court had been presented with the true facts it undoubtedly would have dismissed the proceeding.

We are forced to the conclusion that the Illinois judgment was invalid, and deny the motion for summary judgment.