Joseph A. G-avagae, J.
In an action for a permanent injunction, plaintiffs, a Connecticut corporation authorized to do business in New York and its majority stockholders, seek a temporary injunction to restrain the defendants, the minority stockholders, from prosecuting an action now pending in Connecticut, on the ground that the Connecticut action is vexatious and involves the same issues adjudicated in a prior action in this State. For clarity, the three actions are hereinafter referred to as the prior action, the present action and the Connecticut action. The defendants who have been served herein cross-move for summary judgment.
On this application, the basic questions presented are whether the judgment in the prior action is res judicata of the Connecticut action and if so whether such a defense should he resolved here or in the courts of Connecticut.
The material facts are not in dispute. In 1953 the stockholders of the corporate plaintiff entered into an agreement *1024 which contained two voting provisions relevant to the instant motions: (1) the stockholders, in the election of directors, were required to vote for the four designees of the majority stockholders (the individual plaintiffs) and the three designees of the minority stockholders (the defendants); and (2) the by-laws of the corporation were to be amended so that no action could be taken by its board of seven directors except with the vote of approval of six of them. Those provisions went unchallenged until one of the minority shareholders, a director and general counsel of the corporation, allegedly sought a private profit from a corporate transaction. "When this became known to the majority shareholders, they indicated their unwillingness to continue the employment of the general counsel and to reelect him as one of the directors designated by the minority. The prior action was then instituted by the minority group for a mandatory injunction to require the majority (the corporation was not a party) to comply with the voting provisions of the stockholders’ agreement. The answer in the prior action alleged as a partial defense the validity of the voting provisions and the by-law adopted pursuant thereto and asserted a counterclaim to declare the invalidity of such voting provisions and by-law. During the course of the trial, and by stipulation for the purpose of the prior action only, the misconduct of. the director and general counsel was admitted, and judgment was granted dismissing the complaint and sustaining the counterclaim. In essence, the judgment declared that the provision of the stockholders’ agreement which required concurrence of six of the seven directors was invalid under the laws of C'onnecticut and further declared that the corporate by-laws to the same effect were similarly invalid.
Upon appeal to the Appellate Division, the judgment was affirmed unanimously with respect to dismissal of the complaint, with one Justice dissenting as to the declaratory judgment on the coimterclaim. The dissenting opinion (Mook v. Berger, 7 A D 2d 726) held that the judgment on the counterclaim involved the exercise of visitorial powers over a foreign corporation and an interference with its internal affairs and management ’ ’ and that the parties should have been relegated to the Connecticut courts to declare the Connecticut law on such questions, particularly where the foreign corporation was not a party to the action. A motion for reargument was denied and an appeal to the Court of Appeals from the judgment on the counterclaim is now pending. 
*1025 Before the affirmance of the Appellate Division, the minority shareholders instituted the Connecticut action against the corporation and one of its officers, as well as against the majority shareholders. In that action, the minority sought, in their own view, to obtain a declaration that under the Connecticut law and the corporate by-laws a quorum should consist of no less than six directors and that the corporation had violated a corporate resolution adopting the stockholders’ agreement by permitting action by less than four directors.
The majority stockholders contend that the prior action is fundamentally the same as the Connecticut action. The majority, viewing the two actions together, see these substantial similarities: In the prior action the minority sought compliance with the stockholders’ agreement with respect to the then impending election of directors; in the Connecticut action, the minority seek compliance with a corporate resolution adopting the same stockholders’ agreement after the election has been held. In the prior action, the validity of the stockholders’ agreement and the pertinent corporate by-law was determined with respect to the discharge of the general counsel; in the Connecticut action, the validity of the same agreement, as adopted by corporate resolution, and of the same by-law with respect to all action by the directors would arise again upon joinder of issue.
The classical statement of the rule of res judicata as found in Schuylkill Fuel Corp. v. Nieberg Realty Corp. (250 N. Y. 304, 306-307) is apposite here: “ A judgment in one action is conclusive in a later one not only as to any matters actually litigated therein, but also as to any that might have been so litigated, when the two causes of action have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ”. There can be no doubt that a decision unfavorable to the majority stockholders on any of the counts pleaded in the Connecticut action would dissolve or vitiate the judgment and declaration of rights decreed by the New York court in the prior action.
The minority stockholders urge that, in view of the difference in parties, the judgment in the prior action cannot be conclusive upon the corporation which was not a party to that action. The Court of Appeals has held that where, as here, all the owners of a closed corporation have appeared and participated in a prior action they will not be permitted to use the corporate cloak as a means to avoid the finality of the earlier adjudication (Matter of Shea, 309 N. Y. 605, 617).
*1026 Although the minority stockholders concede that the declaratory judgment in the prior action is final despite pendency of an appeal (Matter of Bailey [Bush Term. Co.], 265 App. Div. 758, affd. 291 N. Y. 534; Sullivan v. Ringler & Co., 69 App. Div. 388, affd. 171 N. Y. 693) they argue that whatever the decision of the Court of Appeals on the appeal now pending, Connecticut does not have to follow it. In Milliken v. Meyer (311 U. S. 457, 462) the Supreme Court decreed that where a State court had jurisdiction of the parties and the subject matter, as this court had in the prior action, ‘ ‘ the full faith and credit clause of the Constitution precludes any inquiry [by the courts of a sister State] into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based.”
To permit the minority stockholders to escape the consequence . of an unfavorable judgment after having invoked the jurisdiction of this court would, in my opinion, flout every precept of fairness, equity and justice. (See Wehrhane v. Peyton, 134 Conn. 486.)
Accordingly, except as to Bechtel who is neither party nor privy to the actions in this State, the motion for a temporary injunction is granted pending the determination of the appeal by the Court of Appeals.
The cross motion is denied. Settle order.