Jacob Markowitz, J.
An action had been instituted in this court to which all of the stockholders of a Connecticut corporation authorized to do business here were parties. That action involved an underlying stockholders’ agreement and the validity of two voting provisions therein contained and the by-laws adopted pursuant thereto. The action went to judgment declaring the provisions and by-laws invalid, and the judgment was affirmed by the Appellate Division (8 A D 2d 793) and further by the Court of Appeals (6 N Y 2d 833). Thereafter, these defendants commenced a second action in the State of Connecticut bringing into issue the same agreement and provisions and by-laws. This action was then instituted for a permanent injunction restraining these defendants from prosecuting the pending action in the State of Connecticut as vexatious.
The facts are fully set forth in the opinion of Gavagau, J., granting to plaintiffs a temporary injunction (16 Misc 2d 1022, affd. 8 A D 2d 793) and need not be further related except that three of the defendants have now instituted a further action in the State of Connecticut seeking a dissolution of the corporation. Of course no question of enjoinder of that action is here involved, although there is necessarily tendered by reason of an allegation in that complaint and in subsequent pleadings the question of the estoppel of the judgment entered in the prior action instituted and tried here. Plaintiffs now move for summary judgment. Defendants cross-move for an order vacating the order granting plaintiff’s motion for temporary injunc *40 tion and for judgment pursuant to rule 113 of the Rules of Civil Practice. Concededly, only questions of law are involved.
Temporary injunction could have been granted and the order could have been affirmed only upon a satisfactory showing that the prior action here and that suit first commenced in Connecticut were between the same parties and upon the same issues, that estoppel of judgment was sufficiently shown and that maintenance of the Connecticut action was vexatious. These conclusions emerge from the present submission.
Defendants assert that the issue is not which of the actions was prior in time and in which of two competing jurisdictions the parties should be permitted to litigate but rather which jurisdiction is the one that enjoys the prerogative and ability to give effective relief, to declare public policy applicable to a corporation owing its existence to one of them. This indeed was necessarily inherent in the prior action here. The courts of this State cannot be expected to exercise their discretion in the application of equitable principles in favor of the parties prosecuting the foreign action when the action in this jurisdiction was not only first commenced but has been tried upon the identical issues and judgment against the defendants (plaintiffs in the former action) has been affirmed by the highest court of this State. The vexation is compounded. The fact that no consequential relief was sought or granted in the prior action here is of no significance whatever, even though in the action in Connecticut the plaintiffs were there seeking specific relief with respect to the voting provisions of the underlying stockholders’ agreement and the by-laws found by the judgment here to be invalid. Again defendants urge the issue in the Connecticut action is whether the New York judgment is entitled to conclusive effect in Connecticut as to the construction to be put upon it and the policy to be formulated with respect to Connecticut’s own corporation laws. But in that action plaintiffs seek an entirely different result and again put in issue the agreement and by-laws, contending for their validity issues which have been here fully litigated. The effect of the New York judgment may be inquired into in the dissolution action, but to inquire again into the legal effect of the agreement and by-laws in the circumstances here is- vexatious. It is suggested that a Connecticut corporation cannot operate contrary to Connecticut public policy, but this is to suggest that the courts of this State, in passing upon the questions raised here, were in some way incapable of doing so.
Finally, nothing transpiring since the institution of the dissolution action in Connecticut warrants consideration of defend *41 ants’ demands for vacatur of the temporary injunction and summary judgment in their favor.
Plaintiffs’ motion is granted, and defendants ’ motion is denied. Settle order.