Richard Arofsof, J.
This is an action brought pursuant to section 167 of the Insurance Law to enforce payment by the defendant insurance company of a judgment recovered by the plaintiff in the State of Florida against the defendant’s assured. There is little dispute between the parties as to the pertinent facts. The deceased, Samuel Spadaro, on January 27, 1957, sustained injuries in an automobile accident occurring in Florida as a result of which injuries he subsequently died. The plaintiff, as executrix of his estate, brought an action in the Circuit Court of the Eleventh Judicial Circuit of Florida to recover damages for the decedent’s wrongful death, the defendant in that action being the present defendant’s assured, Ralph Palmisano. The plaintiff’s complaint in that action alleged that Palmisano was the owner and operator of the vehicle in which Samuel Spadaro was riding and that Palmisano and the driver of the other car involved in the collision were negligent. The trial court directed a verdict in favor of the owner of the other car and this ruling was affirmed on appeal. However, we are not in any way concerned with that phase of the litigation in the present action. Palmisano, in a pretrial deposition, testified that he was driving the automobile in which Spadaro was riding. They had been friends of long standing and had frequently travelled together from Syracuse to Florida. In that trial, counsel retained by the defendant herein to defend Palmisano, impeached his own client and witness by attempting to prove during the trial that the deceased, not Palmisano, was the driver of the ear in contradiction of Palmisano’s testimony. In addition, counsel in his *1044 opening and closing comments to the jury, raised an issue of fraud and collusion which was not covered by the pleading. The jury rendered a verdict of no cause of action.
An appeal was taken from the verdict to the District Court of Appeal of Florida, Third District, wherein judgment in favor of Palmisano was reversed and the case remanded for a new trial and proceedings as outlined in the appellate court’s opinion in Spadaro v. Palmisano (109 So. 2d 418, 421-422 [Fla.]) in which the court said: “ We do not attribute unethical conduct to counsel for the undisclosed insurance carrier since he made a full disclosure of his position to the court and was sustained in that position. However, counsel’s comments to the jury in his opening and closing statements, as well as his obviously successful efforts to contradict and impeach the.insured, did not escape the jury’s attention. The issue of fraud and collusion injected into the trial not only tended to, but did, prejudice the appellant in the minds of the jury and caused its attention to be focused upon issues not covered by the pleadings. The issue of fraud and collusion should have been the subject of a plenary action between the insurer and the insured to determine who was driving the automobile at the time of the accident. The views expressed, and the procedure suggested, in Newman v. Stocker [161 Md. 552] and Katz v. Ross [216 F. 2d 880] also seem to be acceptable methods of determining such issues. Once such issues are decided, either in a plenary action in another forum or as a result of the separate trial of such issues in the same case, the insurance carrier and its counsel would be bound by such adjudication and, if favorable, would not be subjected to the latter suit. Whether the former or the latter procedure is followed is generally determined by the time that counsel for the insured has reason to suspect that fraud or collusion exists. The facts and circumstances disclosed by the record in this cause require a reversal of the judgment entered upon the jury verdict.”
Thereafter counsel for the respective parties met at a pretrial conference in chambers with Hon. William H. Helix, Circuit Judge, to formulate the procedure for retrial of the action pursuant to the District Court decision. It was there agreed that the negligence case, i.e., Spadaro v. Palmisano, be tried first and if a verdict be in favor of plaintiff, the issue between Palmisano and his insurance company should be tried at a later date.
On January 11, 1960, a new trial of the wrongful death action was held in the Circuit Court before Judge Helix and the jury returned a verdict for the plaintiff, Angeline Spadaro, as execu *1045 tris, against Ralph Palmisano, in the amount of $10,648. It is this amount that the plaintiff in the present action seeks to recover from the defendant insurance company. At the aforesaid trial, pursuant to the decision of the appellate court no issues as to any conflict between Palmisano and the defendant herein were permitted to be raised.
In accordance with the procedure outlined at the pretrial conference between the attorneys for the respective parties and the court, the defendant herein as plaintiff brought an action in the Circuit Court on March 9, 1960, against Palmisano for a declaratory judgment to determine the issue that existed between them, viz., who was in fact driving the vehicle in which the deceased was riding at the time the accident occurred. The verdict and judgment in this action were in favor of the defendant herein, the jury finding as a result of a directed verdict that Spadaro and not Palmisano was the driver at the time of the accident. It is apparent that the two trials held pursuant to the procedure promulgated by the District Court and concurred in at the pretrial conference resulted in inconsistent and diametrically opposed verdicts.
The plaintiff in the present case, Angeline Spadaro, as executrix, disputes the validity of the judgment rendered in the action brought by the defendant herein which resulted in a verdict in its favor. She asserts that it was a declaratory judgment action over the subject matter of which the court had no jurisdiction and, therefore, is a nullity and that since the judgment she obtained against the assured of the defendant herein remains unsatisfied for more than 30 days from the service of a notice of entry thereof, she has brought this action against the defendant herein under section 167 of the Insurance Law. She further contends that the trial in which she obtained the judgment upon which she is suing resolved all issues of fact and law and consequently the defendant herein is now estopped from asserting any defense thereto because it assumed full control of the defense of the action for wrongful death and she moves for summary judgment herein.
The defendant has made a cross motion for summary judgment contending that the Florida court did have jurisdiction to render the declaratory judgment exonerating it from liability and that the trial held on March 9, 1960, in which the deceased was found to be the driver was valid and that plaintiff herein is, therefore, estopped from collaterally attacking the verdict and judgment since the adjudication made therein is a complete defense to the present action.
*1046 The court is of the opinion that the action brought by the defendant herein against Ralph Palmisano was one in which it asked the court to render a declaratory judgment involving a question which, according to the decisions of the Florida courts, was not the proper subject matter of a suit for a declaratory judgment in that State; that the court had no jurisdiction to entertain the action and that the judgment rendered therein is null and void. The sole issue that was to be determined therein was whether Palmisano or the deceased was driving the car at the time of the accident. Affirmative relief in the nature of executory process or other coercive mandate did not follow as of course and, according to the recitations in the judgment, it appeared that an issue of fact was presented and a declaration rendered and that no further process of prosecution was necessary to effectuate the terms of the judgment. Watson v. Claughton (160 Fla. 217, 221), where the court stated: ‘‘ ‘ Declaratory Decrees ’ are to be distinguished from others: ‘ The distinctive characteristic of a declaratory judgment is that the declaration stands by itself; that is, no executory process follows as of course. In other words, such a judgment does not involve executory or coercive relief.’ 16 Am. Jur., Declaratory Judgments, Sec. 3, p. 275.” The statutory authority for this form of action is found in chapter 87 of the Florida Statutes Annotated: “87.02 Power to construe, etc. Any person claiming to be interested or who may be in doubt as to his rights under a deed, will, contract or other article, memorandum or instrument in writing or whose rights, status or other equitable or legal relations are affected by a statute, or any regulation made under statutory authority, or by municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing may have determined any question of construction or validity arising under such statute, regulation, municipal ordinance, contract, deed, will, franchise, or other article, memorandum or instrument in writing, or any part thereof, and obtain a declaration of rights, status or other equitable or legal relations thereunder. Laws 1943, c. 21820, § 2.” The plaintiff contends that inasmuch as there was no question of a construction of the terms of the insurance policy involved or any doubt as to Palmisano’s rights thereunder, a declaratory judgment action was not authorized under the Florida statutes. Reading chapter 87 of the Florida Statutes in its entirety seems to indicate otherwise. Section 87.01 provides inter alia:
“ The circuit courts may render declaratory decrees, judgments or orders as to the existence, or nonexistence:
“ (1) Of any immunity, power, privilege or right; or
*1047 “ (2) Of any fact upon which the existence or nonexistence of such immunity, power, privilege or right does or may depend, whether such immunity, power, privilege or right now exists or will arise in the future. Any person seeking a declaratory decree, judgment or order may, in addition to praying for a circuit court declaration, also pray for additional, alternative, coercive, subsequent or supplemental relief in the same action. Laws 1943, c. 21820, § 1, as amended Laws 1955, c. 29737, §§ 2, 33.”
Section 87.05 states: “ The enumeration in §§ 87.02, 87.03 and 87.04 does not limit or restrict the exercise of the general powers conferred in § 87.01, in any proceeding where declaratory relief is sought ”.
Section 87.11 provides: ‘1 This chapter is declared to be substantive and remedial; its purpose is to settle and to afford relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations; and is to be liberally administered and construed. Laws 1943, e. 21820, § 11.” The language of the statute would indicate that the Florida Legislature intended that an action for declaratory judgment was to provide a remedy to resolve numerous controversies. However, the courts of that State have strictly limited its application in a long line of cases, and in a case arising out of facts almost identical with those involved in this litigation, the court held that the action did not lie (Columbia Cas. Co. v. Zimmerman, 62 So. 2d 338 [Fla.]; see, also, Halpert v. Olesky, 65 So. 2d 762 [Fla.]). In the Columbia Cas. case, the Supreme Court of Florida held (p. 340):
‘ ‘ The complaint in this case shows on its face that there is no doubt as to the meaning of the contract. The only doubt which is shown to exist is whether or not the automobile was being driven with, or without, the knowledge and consent of the insured. This is not a doubt as to the meaning of the contract or as to the proper interpretation of the contract. It is simply a doubt as to what will be the ultimate outcome of a consideration of the facts bearing on the question of whether or not the automobile was being driven with the knowledge and consent of the insured.
“The declaratory judgment statute cannot and should not be extended to cover any such situation.”
This court’s interpretation of the Florida statute is academic since full faith and credit must be accorded the Florida decisional law (U. S. Const., art. IV, § 1; Milliken v. Meyer, 311 U. S. 457; Berger v. Mook, 16 Misc 2d 1022, affd. 8 A D 2d 793). Here, as in the Columbia Cas. case (supra), there is no *1048 dispute as to the meaning of the terms of the policy nor of the rights created thereunder. According to the decisions placing jurisdictional limitations upon chapter 87, considering the facts upon which the action was based, the Circuit Court had no jurisdiction to render a declaratory judgment, nor could the parties by agreement confer upon the Circuit Court jurisdiction as to subject matter over which it in fact had no power (Robinson v. Oceanic Steam Nav. Co., 112 N. Y. 315, 324; Matter of Walker, 136 N. Y. 20, 29; Matter of Holmes, 291 N. Y. 261, 286). It is my opinion, therefore, that the declaratory judgment rendered in the Florida court on March 9,1960, was wholly void and is not entitled to recognition in any court of any State (Kamp v. Kamp, 59 N. Y. 212; Van Buren v. Harrison, 164 Misc. 774).
The plaintiff herein is not estopped from raising the question of the lack of jurisdiction of the Florida court to render a declaratory judgment inasmuch as she was not a party to that action and her counsel’s participation in the pretrial conference and the action taken by him pursuant thereto could in no way prejudice her right to properly raise that question (3 N. Y. Jur., Attorney and Client, § 22, p. 410; Van Kannell Revolving Door Co. v. Astor, 55 Misc. 378). The plaintiff further maintains that, since the declaratory judgment is null and void and of no force and effect, the defendant herein has no defense to the action she brings to enforce the judgment which she obtained in the action for wrongful death in the amount of $10,648 against Palmisano, and that she is entitled to summary judgment therein. It is her contention that because the present defendant assumed full control of the defense of its assured, Palmisano, in the Florida actions, and, therefore, it has waived all rights to raise any defense against her, that it is precluded from litigating the question of who was driving the automobile involved in the accident inasmuch as that issue was determined at the trial and is res judicata. She further contends that having defended the wrongful death action, it is estopped from interposing any defense to this action.
It has been well established that the fundamental principle governing the general doctrine of res judicata is ‘ ‘ that a party shall not be heard a second time on an issue which he has once been called upon and permitted to try and contest ” (Hendrick v. Biggar, 209 N. Y. 440, 444), hut as the court said in Matter of New York State Labor Relations Bd. v. Holland Laundry (294 N. Y. 480, 493-494): “ It is also a most obvious principle of justice that no man ought to be bound by proceedings to which he was a stranger * * * With exceptions not material here, every person is entitled to contest once an issue of fact or law *1049 which affects his rights. A decision on such issues in favor of a party cannot relieve him from the burden of proving the facts again and of again convincing the court of the soundness of his position when that position is challenged by a stranger to the original litigation. * * * Only when there is identity of parties does a prior adjudication bar further contest.”
Applying that rule to the facts at hand, it appears that not only was the defendant in this action strictly speaking not a party to the wrongful death action, so that any determination made therein as to who was the driver of the car is not res judicata as to it, but, in that action, as previously stated herein, it was denied the right to raise the very issue which it now seeks to assert as a defense. It must be conceded that except in the declaratory judgment action the defendant company has been precluded from introducing any proof as to its defense of collusion between the plaintiff and its assured by the decision of the appellate court found in Spadaro v. Palmisano (109 So. 2d 418 [Fla.], supra) and, therefore, this issue which directly affects the liability of the defendant herein remains unlitigated and undetermined.
In regard to whether the defendant herein should be precluded from asserting its defense herein under the doctrine of either collateral estoppel or res judicata, I am of the opinion that to do so would deprive the defendant of the right to prove its defense and could very well result in a miscarriage of justice. As the court .said in Commissioners of State Ins. Fund v. Low (3 N Y 2d 590, 595): “ That doctrine [collateral estoppel] is elusive and difficult to apply case by case, but it is essentially a rule of justice and fairness. It involves not one but two rules of public policy. The first is that a question once tried out should not be relitigated between the same parties or their privies. The other public policy involved in collateral estoppel and res judicata, however, is that these doctrines must not be allowed to operate to deprive a party of an actual opportunity to be heard ”.
It, therefore, follows that the defendant company has not as yet been afforded the opportunity in any court of competent jurisdiction to prove its defense to the plaintiff’s action for wrongful death, i.e., that its assured was not the operator of the vehicle. To invoke the doctrine of res judicata would in effect preclude the defendant company from introducing proof on this subject and deprive it of an opportunity to establish facts, which, if proved, would constitute a complete defense to the plaintiff’s claim. As to whether in this type of an action an issue once litigated between the plaintiff and the assured can again be *1050 relitigated in an action between the plaintiff and the assured’s company, the weight of authority seems to be that it can (Jewtraw v. Hartford Acc. & Ind. Co., 280 App. Div. 150 and 284 App. Div. 312).
The issue of nonco-operation between assured and insurer may also be raised in actions under section 167 of the Insurance Law (Seltzer v. Indemnity Ins. Co. of North America, 252 N. Y. 330; Solomon v. Preferred Acc. Ins. Co., 132 Misc. 134). The defendant herein not having had the opportunity to litigate in a court of competent jurisdiction the important issue as to who was the driver of the vehicle involved, in all fairness, should have the opportunity to do so in this action.
This court does not have before it enough probative facts for it to say as a matter of law that the present defendant has waived its right to raise its defense in this action because it assumed the defense of the owner of the car, its assured, in the Florida actions. As a matter of fact, it appears that the present defendant was placed in an extremely precarious position insofar as the defense of its assured was concerned according to the decision of the Florida District Court. In such a situation, the question of waiver is a question of fact to be tried before a trial court and jury (Seltzer v. Indemnity Ins. Co. of North America, supra; Solomon v. Preferred Acc. Ins. Co., supra).
The court on a motion for summary judgment is not authorized to try the issues but is to determine whether there is an issue to be tried. If there is, it must be tried by a jury or by the court (Dwan v. Massarene, 199 App. Div. 872, 879). The drastic remedy of summary judgment should not be granted where there is any doubt as to the existence of triable issues of fact (Braun v. Carey, 280 App. Div. 1019).
The court finds that there are triable issues of fact to be determined herein which should not be resolved upon affidavits. The issues of non-co-operation, collusion, waiver and the issue as to the driver of the vehicle involved, though not specifically raised by the pleadings, are shown to exist from the moving papers and exhibits attached thereto, and from the papers submitted in opposition to the motion, all of which can be considered by the court in the determination of the motion (Curry v. Mackenzie, 239 N. Y. 267; Perlman v. Perlman, 235 App. Div. 313).
Plaintiff’s motion for summary judgment is denied, as is the defendant’s cross motion therefor, both without costs.